UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

DERILUS ST. ARMAND, and other similarly situated individuals,

        Plaintiffs,

v.

HAMPTONS WEST CONDOMINIUM ASSOCIATION, INC.,

        Defendant.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, DERILUS ST. ARMAND ("Plaintiff") and other similarly situated individuals, sue the Defendant, HAMPTONS WEST CONDOMINIUM ASSOCIATION, INC. (the "Defendant) and alleges:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.



www.saenzanderson.com

1

3. Defendant is a Florida company, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: FLSA WAGE AND HOUR VIOLATIONS BY DEFENDANT

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff to recover from Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.

6. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws,



www.saenzanderson.com

regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage in 2018 was $8.25 per hour; in 2019 it was $8.46 per hour; in 2020 it was $8.56 per hour; and in 2021 is $8.65 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant is a condominium association in Aventura, Florida, and, through its business activity, affects interstate commerce. The Plaintiff's



work for Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a cook for the Defendant's business.

12. While employed by Defendant, Plaintiff worked approximately an average of 96 to 102 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a cook performing the same or similar duties as that of those other similarly situated s whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

13. Plaintiff began working for Defendant as a cook in approximately 1995.

14. Plaintiff worked 6 days per week from approximately 5:00 a.m. to 10:00 p.m. or midnight. After Covid-19, on or about March of 2020, Plaintiff's schedule changed to 6 days per week from approximately 5:00 a.m. to 9:00 p.m.

15. Defendant paid Plaintiff $750 per week up until approximately March of 2020. After March of 2020, Defendant began paying Plaintiff approximately $1,000 per week.

16. Plaintiff believes that some of the moneys he was paid came from tips that belonged to the wait staff.

17. Plaintiff was terminated on or about April 26, 2021.

18. In total, Plaintiff worked approximately 158 compensable weeks under the Act, or compensable weeks if we count 3 years back from the filing of the instant action.

19. Defendant paid Plaintiff on average approximately $7.35 per hour before March of 2020 ($750/102). Between March of 2020 and the date of Plaintiff's termination, Defendant paid Plaintiff approximately $10.42 per hour ($1,000/96).



www.saenzanderson.com

4

20.     Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

21.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime and minimum wages is as follows:

a. **Actual Damages: $41,734.70**

  1. **May 2018 through March 15, 2020 (100 compensable weeks)**

     A. **Unpaid Minimum Wages**

     **2018: $8.25 - $7.35 = $0.9 x 40 x 33 weeks = $1,188**

     **2019: $8.46 - $7.35 = $1.11 x 40 x 52 weeks = $2,308.80**

     **2020: $8.56 - $7.35 = $1.21 x 40 x 15 weeks = $726**

     B. **Unpaid Overtime**

     **2018: $8.25 x .5 = $4.125 x 62 x 33 weeks = $8,439.75**

     **2019: $8.46 x .5 = $4.23 x 62 x 52 weeks = $13,637.52**

     **2020: $8.56 x .5 - $4.28 x 62 x 15 weeks = $3,980.40**

  2. **March 16, 2020 through April 26, 2021 (58 compensable weeks)**

     A. **Unpaid Overtime**

     **2020: $8.56 x .5 = $4.28 x 46 x 41 weeks = $8,072.08**

     **2021: $8.65 x .5 = $4.325 x 46 x 17 weeks = $3,382.15**

b. **Liquidated Damages: $41,734.70**

c. **Total: $83,469.40 plus reasonable attorneys' fees and costs of suit.**



22. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

23. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime and minimum wages and remains owing Plaintiff and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

Dated: May 21, 2021.

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

7